IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FELICITAS GUZMAN, as *guardian ad litem* for EULALIO DANTE PONTHIER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

No. 2:12-CV-1340-CMK

ORDER

Plaintiff, who is proceeding *in propira persona* on behalf of a minor child, with brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c).

On May 16, 2013, the court issued an order to show cause in writing, within 30 days of the date of that order, why this action should not be dismissed for failure to file a dispositive motion. In that order, the court stated:

/ / /

1    Pursuant to the court's scheduling order, plaintiff is required to prosecute this action by either seeking voluntary
2    remand or filing a dispositive motion within 45 days from the date of service of the administrative record by defendant.  Plaintiff was
3    warned that failure to comply may result in dismissal of this action for lack of prosecution and failure to comply with court rules and
4    orders.  See Local Rule 110.  A review of the docket reflects that the answer and certified administrative record were served on
5    January 20, 2013. To date, plaintiff has not filed a dispositive motion.
6    Plaintiff shall show cause in writing, within 30 days of the date of this order, why this action should not be dismissed for
7    failure to file a dispositive motion.  Plaintiff is again warned that failure to respond to this order may result in dismissal of the action
8    for the reasons outlined above, as well as for failure to prosecute and comply with court rules and orders.  See id.
9

10   To date, no response to the order to show cause has been received by the court.

11          The court must weigh five factors before imposing the harsh sanction of

12   dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000); Malone v.

13   U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the public's

14   interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3)

15   the risk of prejudice to opposing parties; (4) the public policy favoring disposition of cases on

16   their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v. Moran,

17   46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed as an

18   appropriate sanction is considered a less drastic alternative sufficient to satisfy the last factor.

19   See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution is

20   appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d 1421,

21   1423 (9th Cir. 1986).

22          Here, plaintiff was informed as to what was expected in order to prosecute this

23   case in the court's scheduling order.  When plaintiff failed to file a dispositive motion within the

24   time provided therein, the court provided an additional opportunity to explain to the court why

25   there was a delay, file a dispositive motion, or at least inform the court as to why a dispositive

26   motion could not be filed.  Plaintiff has failed to respond to the court's order, failed to explain

the delay in this case, and has not asked for additional time in which to comply.  Plaintiff was cautioned that failure to comply with the court's orders could result in the dismissal of his case.  Plaintiff failed to heed the court's warnings and opportunities.  The court therefore finds dismissal of this action to be appropriate based on plaintiff's failure to prosecute this case.

Accordingly, IT IS HEREBY ORDERED that:

1. This action is dismissed, without prejudice, for plaintiff's failure to prosecute; and

2. The Clerk of the Court is directed to close this case.

DATED: July 16, 2013

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE